## FLETCHER *v.* FLETCHER.*

---

APPEAL AND ERROR; CONTEMPT OF COURT; DIVORCE AND ALIMONY.

1. Where there is no bill of exceptions in the record on appeal, the appellate court will assume that the evidence adduced on the trial was sufficient to justify the lower court in making the order or decree from which the appeal was taken.

2. Whether a party charged with contempt of court for failure to obey a decree requiring him to pay alimony purges himself of contempt by showing that at the time of the entry of the decree he was unable to comply with it, even though his inability was caused by a fraudulent conveyance of his property in anticipation of the passage of the decree, is unnecessary to determine, where the evidence shows that, apart from the property so fraudulently conveyed, such party still had the power to comply with the decree, but failed to do so.

No. 2730.  Submitted January 7, 1915.  Decided February 1, 1915.

---

*Contempt of Court—Inability to Pay Alimony.*—As to inability to pay alimony as defense to contempt, see note in 30 L.R.A.(N.S.) 1001.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia, holding an equity court, adjudging him in contempt of court for failure to obey a decree of the court in a divorce proceeding, requiring him to pay the plaintiff a fixed sum as alimony.                *Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from an order of the supreme court of the District of Columbia adjudging appellant, James J. Fletcher, defendant below, guilty of contempt for failing to obey a decree of the court in a divorce proceeding wherein he was ordered to pay appellee, Julia B. Fletcher, a fixed sum as alimony.

It is alleged in the petition that, while the divorce proceeding was pending, defendant fraudulently devested himself of his property for the purpose of defeating a decree for alimony, and that the persons to whom the property was conveyed "are advancing him funds from time to time, and encouraging him in his purpose and endeavors to prevent petitioner from obtaining any part of his property, or the income or proceeds thereof, or of his earnings, in payment of her alimony." It is further alleged that defendant is "abundantly able to pay the accrued alimony, * * * but that he is purposely and contumaciously refusing to carry out and obey" the order of the court. These facts were found by the court to be true, and were averred in the petition with sufficient particularity to support the order.

*Mr. Henry E. Davis* for the appellant.

*Mr. John P. McMahon, Mr. Samuel Maddox,* and *Mr. H. Prescott Gatley* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is contended by counsel for appellant that one is purged of contempt by a showing that, at the time of the entering of a decree, he was unable to comply therewith, even though his in-

ability was caused by a fraudulent conveying away of his prop-
erty in anticipation of the decree. It is unnecessary to consider
this question, since it was alleged, and specifically found by the
court, that appellant, apart from the property fraudulently
conveyed, "still has it in his power to comply with the said de-
cree." No bill of exceptions appears in the record, and we must
assume, therefore, that the evidence adduced at the trial was
sufficient to justify the court in making the order from which
the appeal was taken. For the same reason, it is unnecessary
to consider the other assignments of error.

The judgment is affirmed, with costs.        *Affirmed.*